IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CHRISTINE THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Civil No. 2021-70 |
| OVER THE LINE VI, LLC and JORDAN MAUPIN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is "Plaintiff's Unopposed Motion for Leave to File First Amended Complaint." [ECF 30].

**I.   BACKGROUND**

Plaintiff Christine Thompson claims that she was injured on June 13, 2021, while aboard a vessel owned by defendant Over the Line VI, LLC ("Over the Line") and operated by defendant Jordan Maupin. Compl. [ECF 1] ¶¶ 5-24. Thompson filed the original complaint on September 8, 2021, alleging negligence, gross negligence, and negligent entrustment against Over the Line and alleging negligence and gross negligence against Maupin. *Id.* ¶¶ 31-53. In their answers, both defendants denied that Maupin was an employee of Over the Line. *See* [ECF 6] (Maupin's Answer) ¶ 4; [ECF 10] (Over the Line's Answer) ¶ 4. Thompson filed the instant motion to amend under Federal Rule of Civil Procedure ("FRCP") 15. [ECF 30] at 3. She seeks to amend paragraphs 4, 36, and 53 of the complaint "to clarify that Plaintiff alleges that Defendant Maupin is an 'employee and/or agent' of Defendant Over the Line VI, LLC." *Id.* at 2-3.

*Thompson v. Over the Line VI, LLC, et al.*
Civil No. 2021-70
Page 2

## II. LEGAL STANDARDS

FRCP 15(a) provides that leave to amend a complaint should be freely given when justice so requires. However,

> [w]hile Rule 15(a) provides that leave to amend should be "freely given," a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.

*Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

"In the Third Circuit, delay alone does not justify denying a motion to amend." *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 225 (E.D. Pa. 2012) (citing *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F. 3d 267, 273 (3d Cir. 2001)). Rather, the delay must either be undue, such that it places "an unwarranted burden on the court," or it must be prejudicial, such that it places "an unfair burden on the opposing party." *Synthes*, 281 F.R.D. at 225 (quoting *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). "Implicit in the concept of undue delay is the premise that Plaintiffs, in the exercise of due diligence, could have sought relief from the court earlier." *Synthes*, 281 F.R.D. at 225 (quotation marks omitted). Thus, in assessing delay, the court must balance any imposition or prejudice caused by the delay against the plaintiff's reasons for the delay. *Id.* at 225-26 (citing *Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 520 (3d Cir. 1988)).

"Futility" denotes that "the complaint, as amended, would fail to state a claim upon which relief may be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Thus, "[i]n assessing futility, the district court applies the same standard of legal sufficiency as applies under [FRCP] 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). In other words, the court

must determine whether the complaint includes "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "If a proposed amendment is not clearly futile, then denial of leave to amend is improper." 6 Wright & Miller, *Federal Practice & Procedure* § 1487 (3d ed. 2019).

"[P]rejudice to the non-moving party is the touchstone for the denial of an amendment," and such prejudice must be substantial or undue. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978) (quotation marks omitted)). Thus, the defendant "must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). Courts evaluate prejudice "by looking at whether the amendment would: (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the non-moving party from bringing a timely action in another forum." *Debjo Sales, LLC v. Houghton Mifflin Harcourt Publ'g Co.*, 2017 WL 4404565, at *2 (D.N.J. Oct. 4, 2017). Ultimately, whether to grant leave to amend lies within a court's discretion. *Pennsylvania Emps. Ben. Tr. Fund v. Zeneca, Inc.*, 499 F.3d 239, 252 (3d Cir. 2007).

### III.   DISCUSSION

On October 27, 2021, following an initial pretrial conference, the Court entered a Trial Management Order setting December 1, 2021 as the deadline for seeking leave to add parties and for seeking leave to amend the pleadings. [ECF 22] at 1. Thompson's motion, which was filed on November 16, 2021, is therefore timely. Second, the clarification Thompson seeks to make—that she is alleging that Maupin is an employee and/or agent of Over the Line—supports an

accepted theory of negligence.  In other words, the proposed amendment would not be futile.

Finally, as the motion is unopposed, defendants will not be prejudiced thereby.

### IV.   CONCLUSION

Accordingly, the premises considered, the following is hereby ORDERED:

(1)   "Plaintiff's Unopposed Motion for Leave to File First Amended Complaint" [ECF 30] is GRANTED;

(2)   Thompson shall file her First Amended Complaint no later than November 29, 2021;

(3)   Defendants shall respond to the First Amended Complaint in accordance with the applicable rules.

**Dated:** November 22, 2021               S\_____
                                            **RUTH MILLER**
                                            United States Magistrate Judge