## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CHRISTINE THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 3:21-cv-0070 |
| | ) |
| OVER THE LINE VI, LLC and JORDAN MAUPIN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**THIS MATTER** is before the Court upon Defendants' Motion to Stay Pending Disposition of Writ of Certiorari (Mot.) (ECF No. 282), filed on May 19, 2025. The motion is fully briefed and ripe for adjudication.

Defendants move the Court to stay all proceedings in the above-captioned matter pending the United States Supreme Court's disposition of their petition for writ of certiorari. Mot. at 1. Plaintiff opposes on the grounds that this Court is without jurisdiction to grant such a stay pursuant to 28 U.S.C. §2101(f). Plaintiff's Opposition to Motion to Stay (ECF No. 285) at 4-5. In the event the Court determines it may consider the motion, Plaintiff contends that Defendants fail to meet the standards for imposing a stay. *Id*. at 5-7.

Defendants rely upon the holding in *Barbato v. Crown Asset Mgmt. LLC*, Civil Action No. 3:13-2748, 2019 U.S. Dist. LEXIS 72819 (M.D. Pa. Apr. 30, 2019), which appears to employ the usual standard applied to motions for stay. *See id*. at *4. The *Barbato* court does not cite nor reference 28 U.S.C. § 2101(f), however, which controls stays pending review of a petition for writ of certiorari by the Supreme Court. Section 2101(f) provides, in relevant part:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court.

28 U.S.C. § 2101(f). Defendants baldly assert that "28 U.S.C. § 2101(f) concerns a stay filed with either the Appellate Court or the U.S. Supreme Court," Reply (ECF No. 286) at 2, without any legal citation or support. The Court disagrees with Defendants' assertion.

As our sister court for the Eastern District of Pennsylvania observes in *William A. Graham Co. v. Haughey*, 794 F. Supp. 2d 566, 568 (E.D. Pa. 2011), "The great majority of courts has interpreted the phrase 'the court rendering the judgment or decree' under 28 U.S.C. § 2101(f) to be a reference to the United States Courts of Appeals." *Id*. at 568 (collecting cases). The *Haughey* court continues, "The only courts within this Circuit to have addressed the issue have concluded that a district court lacks jurisdiction to issue a stay of a judgment of the Court of Appeals pending the filing of a certiorari petition." *Id*. (collecting cases). The court then concludes:

> It is one thing for a district court to grant a stay of its own judgment under Rule 62(d) pending the resolution of an appeal to the Court of Appeals. . . . It is quite another thing for this court to grant a motion to stay under the present circumstances. The district court judgment has been superseded by the judgment of the Court of Appeals, even though the latter affirms the district court judgment in all respects. The defendants will be asking the Supreme Court to overturn the judgment of the Court of Appeals, not that of the district court.
>
> It is simply not the proper role of a district court to decide whether a judgment of a higher court should be stayed pending possible review by the Supreme Court, and Rule 62(d) and § 2101(f) do not provide the district court with such authority.

*Id*. at 568-69. Notwithstanding the *Barbato* decision, the Court finds the language and reasoning of the *Haughey* court persuasive and will follow it, here. Consequently, the Court finds that it does not have authority to grant the relief requested by Defendants.

Based upon the foregoing, it is hereby

**ORDERED** that Defendants' Motion for Stay Pending Disposition of Writ of Certiorari, ECF No. 282, is **DENIED**.

**Date:** June 3, 2025                           /s/ *Robert A. Molloy*
                                                  **ROBERT A. MOLLOY**
                                                  **Chief Judge**