## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **CHRISTINE THOMPSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-0070** |
| | ) | |
| **OVER THE LINE VI, LLC and JORDAN MAUPIN,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>ORDER</u>

**THIS MATTER** is before the Court upon Defendant Over the Line VI, LLC's ("OTL") Motion to Stay, filed on July 11, 2025. (ECF No. 328.) Plaintiff filed an opposition to the motion, and said Defendant filed a reply in support thereof. See ECF Nos. 330 and 336, respectively. The parties also presented arguments during the Court's telephonic final pre-trial conference with the parties held on July 23, 2025. The Court orally denied the motion at the status conference and hereby issues this Order to provide its reasoning.

I.

OTL seeks a stay of this matter and a continuance of the jury selection and trial scheduled for July 28, 2025. The thrust of OTL's argument is that the traditional stay factors warrant a stay in light of the automatic bankruptcy stay as to Defendant Jordan Maupin ("Maupin"). OTL argues that, because the claims against it are based on the purported negligent acts of Maupin, the facts and evidence are the same for both Defendants, holding separate trials would not only be a waste of resources, it would give Plaintiff a tactical advantage but cause hardship for Defendants. ECF No. 329 at 4. OTL also contends that separate trials would create legal issues such as collateral estoppel and/or *res judicata*, as well as the possibility of "dissimilar adjudications" because of "different sets of jurors." *Id*. at 2.

Plaintiff opposes a stay, declaring that separate trials places no more of a hardship on Defendants than Plaintiff. ECF No. 330 at 3. Plaintiff argues that any collateral estoppel and/or *res judicata* issues "as to Maupin are non-sensical since he is not a party to this case . . . ." ECF No. 330 at 2 n.1. To alleviate any concerns regarding issues related to collateral

*Thompson v. Over the Line, LLC*
Case No. 3:21-cv-0070
Order
Page 2 of 3

estoppel and res judicata, Plaintiff has waived her right to assert those issues at any trial wherein Maupin is a defendant.[1] In closing, Plaintiff states that the "Court has already addressed the relevant facts and the legal standard required to stay this case . . . finding that no such 'unusual circumstance' exist to warrant such relief." *Id.* at 3.

## II.

In determining whether to grant a stay in a case, courts "weigh several factors including: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set." *Vitalis v. Crowley Caribbean Servs., LLC*, No. 1:20-CV-00020-WAL-GWC, 2021 WL 4494192, at *1 (D.V.I. Sept. 30, 2021) (citing *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 445 (D.N.J. 2014) (internal citations omitted)).[2] It is axiomatic that a "stay is an 'extraordinary measure' that is 'incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication.'" *United States v. Breyer,* 41 F.3d 884, 893 (3d Cir. 1994) (citation omitted).

## III.

Upon careful review and consideration, in addition to the reasons stated on the record, the Court finds that a stay is not warranted. First, the Court finds that a stay would not prejudice or give a tactical disadvantage to either Plaintiff or OTL. Plaintiff's decision to waive any issues concerning res judicata or collateral estoppel undercuts most, if not all, of OTL's arguments regarding a stay. Thus, this factor is either neutral or weighs against a stay. Regarding the second factor, the Court finds that a denial of a stay would not create an undue

---

[1] *See* Plaintiff's Notice of Waiver of Res Judicata and Collateral Estoppel Defenses as to Jordan Maupin (ECF No. 360).

[2] The Middle District Court of Pennsylvania articulates the factors slightly differently:

> "In determining whether to grant a motion to stay, courts should consider: (1) the length of the requested stay; (2) the 'hardship or inequity' that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; (4) whether a stay will simplify issues and promote judicial economy."

*Barbato v. Crown Asset Mgmt. LLC*, Civil Action No. 3:13-2748, 2019 WL 1922083, at *2 (M.D. Pa. Apr. 30, 2019) (quoting *Structural Grp., Inc. v. Liberty Mut. Ins. Co*., 2008 WL 4616843, at *5 (M.D. Pa. Oct. 16, 2008) (other citations omitted)). Despite OTL's estimate that a stay could be as short as 90 days, the Court is not persuaded that the duration of the stay would not be for an extended period. Further, OTL fails to demonstrate that a stay promotes judicial economy, which the Court addressed previously.

*Thompson v. Over the Line, LLC*
Case No. 3:21-cv-0070
Order
Page 3 of 3

hardship on OTL. If the first trial is any indication, the upcoming trial is likely to last no more than 4 days. Neither OTL nor Maupin would have to try this case three times. The Court notes that the first trial involved a sole claim of gross negligence. That claim was fully adjudicated to a full resolution. Gross negligence is not at issue in the upcoming trial. Moreover, insofar as collateral estoppel and or *res judicata* may present issues in a trial against Maupin, Plaintiff has waived any collateral estoppel and/or *res judicata* arguments that she may have in a trial against Maupin. Therefore, the Court finds that the second factor does not weigh in favor of a stay. In addition, a stay would not simplify the issues for trial; the issues remain the same as against each Defendant, i.e. whether Maupin was negligent and whether the release is valid. Thus, the third factor also does not weigh in favor of a stay. And, finally, OTL filed its motion for a stay 14 days before jury selection and trial. The Court scheduled this matter for jury and trial on March 7, 2025. *See* ECF No. 274 – Trial Management Order. Discovery is completed, the parties have been preparing for trial for over four and a half months and presumably have expended significant resources in prepping witnesses and reviewing exhibits and other documentation.

Finally, OTL is unable to provide the Court with a timeline as to when the bankruptcy proceedings concerning Maupin would be resolved. Thus, OTL requested a stay for an indeterminate period of time. An indefinite stay does not support OTL's arguments. On balance, the factors weigh heavily against the granting of a stay. Consequently, the Court will deny the motion.

Accordingly, it is hereby

**ORDERED** that Defendant Over the Line VI, LLC's Motion to Stay, ECF No. 328, is **DENIED**.

**Date:** August 14, 2025                    /s/  *Robert A. Molloy*
                                                                     **ROBERT A. MOLLOY**
                                                                     **Chief Judge**